### W. S. HOOD v. G. A. PURSLEY.

#### Decided May 20, 1905.

**1.—School Land—Award—Presumption of Authority and Regularity.**

An award of school land to an applicant to purchase is prima facie evidence that at its date the land was upon the market and that all prerequisites to the power of the Commissioner to make a valid sale had been met. In such cases the burden is upon him who seeks to overthrow the award to affirmatively show a lack of such power.

**2.—Same—Lease Presumed Canceled.**

Proof of a prior lease of the land by the State for a period extending beyond the date of the award is not sufficient of itself to show the award invalid, since the lease might be canceled or waived, and it will be presumed in favor of the award that this was done, unless the contrary is made to appear by proof.

Appeal from the District Court of Stonewall. Tried below before Hon. H. R. Jones.

*L. B. Allen* and *L. H. McCrea,* for appellant.—A plaintiff in trespass to try title to public school lands situated in the absolute lease district, where the land in controversy is under lease from the State, must conclusively show that the land was regularly classified and appraised, and that he (plaintiff or his vendor) is the direct lessee, or has a waiver of the lessee and all parties interested in the lease, before he would be eligible to purchase. Smith v. McClain, 7 Texas Ct. Rep., 562; Jones v. Wright, 10 Texas Ct. Rep., 795; Valentine v. Sweat, 9 Texas Ct. Rep., 159; Bradford v. Brown, 11 Texas Ct. Rep., 820; Anderson v. Walker, 70 S. W. Rep., 1003.

*Woodruff & Hughes,* for appellee.—A plaintiff, in a suit to try title to school land, who proves that the section in controversy has been awarded to his vendor by the Commissioner of the General Land Office makes a prima facie case that all the requirements of the law prerequisite to a valid sale, including classification and appraisement have been met. Binion v. Harris, 7 Texas Ct. Rep., 711; Bell v. Williams, 4 Texas Ct. Rep., 342; Corrigan v. Fitzsimmomns, 10 Texas Ct. Rep., 244; Stolley v. Lilwall, 12 Texas Ct. Rep., 20.

SPEER, Associate Justice.—This is a suit of trespass to try title to the north one-half of school section number 12, block L, H. & T. C. Railroad Company land in Kent County, instituted by G. A. Pursley against W. S. Hood, and by agreement of the parties transferred to the District Court of Stonewall County, where a trial was had resulting in a peremptory instruction and verdict in favor of the plaintiff.

The appellee showed by certified copies from the General Land Office that the land in controversy had been awarded to one A. A. Darden as additional land to his home section on February 16, 1900, his application therefor having been filed in the General Land Office on October 16, 1899. He further proved that the first payment and all interest due to the day of trial had been paid, and that the land had been duly transferred to him by Darden and the proper substitution made in the General Land Office.

In behalf of the appellant it was shown that the land was included in a lease to one H. G. Weare for a term of five years, beginning on December 7, 1897, upon which the first and second annual payments of interest in advance had been made. H. G. Weare was shown to have made a deed transferring his leasehold interest in the land to Charles L. Weare on March 3, 1899. The evidence does not show whether or not Charles Weare waived his rights under the lease, but does show that on September 23, 1899, H. G. Weare, through his attorney, A. R. Floyd, did waive said lease to the land in controversy, and such waiver was filed in the General Land Office October 16, 1899, the lease at that time appearing to be in the name of said H. G. Weare.

Under this state of facts there was no error in instructing the jury to find for the appellee. It is now too well settled to admit of discussion that an award of school land by the Commissioner of the General Land

Office is prima facie evidence that at. the date of such award the land was upon the market, and that all prerequisites to the power of the Commissioner to make a valid sale had been met. (Corrigan v. Fitz-simmons, 10 Texas Ct. Rep., 244; Binion v. Harris, 7 Texas Ct. Rep., 711; Stolley v. Lilwall, 12 Texas Ct. Rep., 20.) In such case the burden is upon him who seeks to overthrow the award to show affirmatively the lack of power in the Commissioner to make the award. And where, as here, he seeks to meet this requirement by showing an existing lease, he must show affirmatively that at the date of such award the lease was a valid subsisting lease in order to constitute an obstacle to such sale. Proof that a lease had been previously executed for a period of time sufficient to embrace the award, without showing that at the date of the award the lease was not subject to forfeiture and had not been waived is not sufficient. (Davis v. Tillar, 7 Texas Ct. Rep., 784; Jones v. Wright, 12 Texas Ct. Rep., 110.) The prima facie case made by proof of the award is not overcome by the presumption that a lease once shown to exist is presumed to continue in force until the end of its term where such lease is liable to be cancelled or waived, and must have been before the Commissioner would be authorized to award the land to a purchaser. In the present case in the absence of rebutting evidence proof of the award to appellee established, either that the lease previously existing upon the land had been cancelled by the Land Commissioner for the nonpayment of interest, or that all rights thereunder had been duly waived.

Finding no error in the record, we affirm the judgment.

*Affirmed.*

Writ of error refused.